# Wytheville.

## Louisville & Nashville Railroad Co. v. Interstate Railroad Co.

### June 20, 1907.

1. Railroads—*Connections—Powers of State Corporation Commission.*— The State Corporation Commission may, under the powers conferred by section 1294d, sub-section 37 of the Code of 1904, establish as many connections between two railroads as may be reasonably necessary for the convenient interchange of traffic between such roads, and for the accommodation of said roads and the public. The section does not contemplate simply one connection at a suitable point. It is a remedial statute and should be liberally construed.

2. Railroads—*Connections—Findings of State Corporation Commission— Case at Bar.*—The Constitution declares that the findings of the State Corporation Commission shall be deemed to be *prima facie* correct, but, without invoking that provision, the evidence in this case is ample to warrant the finding of the Commission that the connection established by it between the two railroads, which are parties to this proceeding, is reasonably necessary.

3. Railroads—*Connections—Taking of Property—Procedure.*—Whether the crossing of the works of one railroad company by another is a "taking" within the meaning of the Constitution, cannot be determined in a proceeding before the State Corporation Commission to establish the right to cross. The right to cross, and the terms and conditions thereof, are to be first determined. After that is done, the rights of the parties can be determined upon appropriate proceedings before the proper tribunal.

4. Railroads—*Connections—State Corporation Commission—Appeal and Error.*—Upon affirmance of an order of the State Corporation Commission, establishing a connection between two railroads, this court will leave it to the Commission, which has ample authority in the premises, to carry out its suggestions as to the manner in which the parties shall afford to each other proper facilities in their traffic relations.

Appeal from State Corporation Commission.

*Affirmed.*

*C. F. Duncan, Helm Bruce* and *H. L. Stone,* for the appellant.

*Rufus A. Ayers* and *Bullitt & Kelly,* for the appellee.

Whittle, J., delivered the opinion of the court.

This is an appeal by the Louisville & Nashville Railroad Company from an order of the State Corporation Commission granting the appellee, the Interstate Railroad Company, the privilege of making an overhead crossing above the appellant's tracks near Appalachia for its projected line of road to the town of Norton; and, for the purpose of effecting a connection between the two roads, authorizing the appellee to construct a spur or connection track from a point on the extension near the crossing to the western end of its proposed yard at Appalachia, to accommodate traffic between the two roads. The location of the connection track, and details for the junction, are shown by the order appealed from and a map prepared by the direction of the Commission, supplemented by certain suggestions for practical operation embodied in the order.

The appellant interposes no objection to the allowance of the overhead crossing, but insists, (1) That the Commission erred, as a matter of law, in granting a second connection between the two roads; and (2) That, as a matter of fact, the finding of the Commission, that the proposed connection was necessary, is not sustained by evidence.

The proceeding was had under sub-section 37 of section 1294d, Va. Code, 1904, which provides: "Any railroad company heretofore, or that may hereafter, be incorporated, and authorized to construct a railroad within the jurisdiction of

this state, shall, when such railroad is constructed to any other railroad track, or the right of way of any other railroad being operated under the laws of this state, have the right to connect with such railroad in any county of this state at its own cost, at any suitable point that may be agreed upon between the chief engineers of the two railroad companies, and if the said engineers shall fail to agree, the State Corporation Commission may, after hearing evidence, decide the question in dispute and enter the proper order. But such connection, if made, and all costs and expenses of such operation and maintenance of such connection, including signals and other things deemed necessary by the company with which said connection is made, for the proper operation and protection thereof, shall be borne and paid by the company making such connection."

The first assignment of error involves the contention that the statute only contemplates one connection at a suitable point between the road of one railroad company with that of another; and, as there was already a connection between the roads at Pounding Mill Branch, near Appalachia, the powers of the Commission in that respect were exhausted.

Such is clearly not the correct interpretation of the enactment. On the contrary, being a remedial statute affecting the general welfare, it should receive a liberal construction in the interest of public traffic. It is plainly within the competency of the Commission to establish as many connections as may be reasonably necessary for convenient interchange of traffic and the accommodation of both roads and the public.

This brings us to the consideration of the second contention, namely, that, as a matter of fact, the connection in question was not reasonably necessary under all the circumstances of the case.

In approaching that inquiry it must be remembered that under section 156, clause f, of the constitution of Virginia, the finding of the Commission is *prima facie* correct, and all presumptions are, therefore, in favor of its action, and the burden is on

the appellant to show that the wide discretion with which that tribunal is invested, has been erroneously exercised.

We are of opinion that, without invoking the foregoing rule, there is ample evidence to justify the action of the Commission in directing the additional connection. Two of the members of the Commission, in company with a competent civil engineer, visited the location, and on the ground investigated conditions. In the light of information thus acquired, the Commission heard the evidence and argument of counsel before coming to a conclusion. There was evidence tending to show that the facilities afforded by the connection at Pounding Mill Branch between the main line of the appellee's road and the spur track of the appellant were hardly adequate to meet existing demands; that the appellee was building, and had almost completed, the extension from Appalachia to Norton, and also a branch line up Roaring Fork, springing from the main line about midway between Appalachia and Norton, for the purpose of developing the rich coal fields tributary to those lines; and that it was not convenient, if indeed practicable, to utilize the present connection at Pounding Mill Branch for the necessary interchange of this new traffic with appellant's road. Upon the whole case, after painstaking investigation and mature consideration, the Commission rejected the prayer of the appellee for a main line connection with appellant's road near the throat of its yards at Appalachia, and adopted the alternative recommendation of the appellant, that if any connection was to be allowed at that point, it ought to be made with appellant's outlying side-track nearest to Powell's river.

In this state of the record, upon due consideration of the countervailing evidence adduced by the appellant in support of the competing theory that the connection was unnecessary, we can see no escape from affirming the order of the Commission.

There are minor questions demanding our notice. Thus, under the plan adopted by the Commission, the connection track

to be constructed by the appellee will occupy, for part of the distance to be covered, the right of way of the appellant, which occupancy the latter company insists amounts to a taking of its property.

The language of the opinion of this court in the recent case of *N. & W. Ry. Co.* v. *Tidewater Ry. Co.*, 105 Va. 133, 52 S. E. 854, would seem equally applicable to this contention. "The object of this proceeding, as appears from Clause 3, section 1294b, of the Code, hereinbefore referred to, was to have the Corporation Commission determine the necessity for the proposed crossing, and the place where, and the manner in which, it should be made. Until those questions were finally settled, no question of taking property with or without due process of law, or of condemning the lands of the road, whose works were to be crossed, or of compensation therefor, could arise. When the plans, appliances and methods for the crossings are adopted by the Corporation Commission, or, if an appeal be taken from its action, upon the adoption of plans, appliances and methods for the crossing by this court, then it becomes the duty of the company desiring to cross to make the payment of proper compensation therefor before commencing work thereon; and that compensation, by the express terms of the statute under which this proceeding was had, is to be ascertained according to the laws regulating the exercise of the right of eminent domain. Whether crossing the works of one railroad company by another is 'a taking of property' within the meaning of that term under our laws of eminent domain, or what is the measure of compensation in such a case, could not be determined in this proceeding, because the Corporation Commission has no jurisdiction of those questions. Neither could these questions be settled by the court having jurisdiction thereof until the questions involved in this proceeding were ended, for until that time neither the location nor the character of the crossing would be known."

If condemnation proceedings were necessary in this instance

(a question not involved in this appeal, and as to which we express no opinion), they could not be had until after the Commission had determined that the connection was necessary, and had outlined the place and manner of effectuating it. When this condition precedent has been accomplished, the rights of the parties can be determined upon appropriate proceedings for that purpose before the proper tribunal.

The appellee insists that we ought to amend and amplify the order so as to make the suggestions of the Commission, intended as a guide to the parties in affording proper facilities to each other, in their traffic relations, mandatory.

The Commission is clothed with ample authority by statute to deal with this subject; and should occasion require, would doubtless, on proper application, adopt such measures as might be necessary to render its order effectual.

On the subject of establishing connections between railroads, see *Jacobson* v. *Wisconsin &c., R. Co.,* 70 Am. St. Rep, 358, and notes; 71 Minn. 519, 74 N. W. 893, 40 L. R. A. 389.

For these reasons, the judgment of the Commission must be affirmed.

*Affirmed.*